*Mazureau*, for plaintiff.
*Hennen*, for defendant in warranty.

FALL 1812.
I. District.

FLOTTE
*vs.*
AUBERT.

AUBERT
*vs.*
MARTINEAU
IN WARRANTY.

--- * * ---

### *POUTZ* vs. *DUPLANTIER.* *Ante* 328.

Judgment being had against the maker of the note, execution issued and levied, and property sold on a credit, which was not yet expired, the defendant, endorser of the note, paid into court the costs of the suit, and prayed that execution might be stayed, till it appeared that the property seized was insufficient to satisfy the judgment. The presumption being, that as the amount of the property sold was sufficient to satisfy the judgment, the execution should not issue till the contrary appeared.

*Morel*, for the plaintiff. The prayer cannot be granted. Having obtained a judgment, we are entitled to all the advantages which legally ensue, to prosecute our execution till the money be had.

The sale of a co-obligee's property, on a credit, does not discharge the other.

FALL 1812.
I. District.

POUTZ
*vs.*
DUPLAN-
TIER.

*Hennen*, for the defendant. It is clear that the holder of a bill, or note, has his remedy against the parties to it, and that he may commence and proceed on actions against all of them at the same time, or sue them all in one action. If he brings several actions, he will not be precluded by judgment, a levy and sale, in one of them, from proceeding to judgment in the others. If he obtains judgment against all, and execution is levied on the estate of one of the defendants, he shall not levy on that of the other, if sufficient property has been taken. So when several actions are commenced and prosecuted to judgment, though execution shall issue for the debt *against one* ONLY, yet it may issue, *in all the actions*, FOR THE COSTS: for until one has actually made satisfaction, all are liable to make it. *Swift's Evidence*, 328, 2 *Vesey*, 115, 2 *Dallas*, 115, *Bayl.* 86, *Kyd.* 198.

ALTHOUGH the holder of a bill may issue execution against the person of all the parties, he cannot, after levying on the goods of one, issue a *fieri facias* to affect the goods of another. *Chitty*, 274.

*By the Court.* The maker of the note is certainly, for the present, at rest, while property of his, sufficient in the estimation of the sheriff, has been sold. This, however, is not *satisfaction*, even as to him. For, if negroes have been taken

and sold on the legal credit, and the purchaser and his sureties fail, and the negroes die, still will the maker be liable to have other property taken— for a note with surety, and a mortgage on the ne- groes, are not gold and silver, and the constitution of the United States has provided that no state shall make any thing but gold and silver a tender in the discharge of a debt. *Art.* 1, *sect.* 8.

IT is true, it is stated in several elementary wri- ters, that " although the holder of a bill may issue " execution against the *person* of all the parties. " he cannot, after levying on the *goods* of one, is- " sue a *fieri facias* to affect the goods of another." *Chitty on bills*, 274. *Swift on bills*, 328. *Max- well's Pock. Dict.* 115.

WE take the meaning of this position to be, that if there be two persons, bound in a note or bond, and a *joint* suit be brought against them, and judgment had, after taking one of them under a *ca' sa'*, execution may issue against the goods of the other : it being now settled that an execution against the *person* of any one of the parties to a bill, will not discharge the others, though with respect to him, it is a *full satisfaction* of the debt. 4 *T. R.* 285. And if execution is- sue against the *property* of *both*, and be levied on that of *one* of them, to an amount sufficient to pay the judgment, the *other* will be protected : the

FALL 1812.
I. District.

POUTZ
vs.
DUPLAN-
TIER.

property seized appearing on the record to be the property of the defendants. But if several suits be brought, and judgments be had, separate executions will issue against the parties bound, and their several properties may be taken and proceeded against, until satisfaction be had, that is to say, *gold or silver coin* received, to the amount of the judgment. On that event, and not till it happens, will the party, whose property remains unseized or unsold, succeed in arresting the process of the plaintiff; and even this will not be done, till the costs are paid in the suit against him.

IN order to satisfy us that such is the meaning of these gentlemen, we have only to examine the authorities they quote in support of the principle they advance. The first is *Windham* vs. *Trall*, *Strange*, 515. The plaintiff had judgment in two suits, against the two parties to a note; and, on tender of the *principal and costs* in one suit, and of costs in the other, the court ordered execution to be stayed.

THIS case proves only, that the plaintiff was not to be permitted to proceed, for the principal, against one of the defendants, after it had been tendered to him by the other. *Chitty* and *Maxwell* cite no case but this.

*Swift*, in the margin of the article quoted, cites besides *Strange*, 2 *Vesey*, 115. 2 *Dallas*, 115. *Bayl.* 86. *Vesey* and *Dallas* support another

part of the same paragraph, which has no bearing on this question. *Bayley* is not within our reach,

FALL 1812.
I. District.

POUTZ
vs.
DUPLAN-
TIER.

THE converse of the proposition, which the defendant's counsel has thus endeavored to support, is, however, established in *Dike* vs. *Mercer*, 2 *Shower*, 394, where two men were bound jointly and severally, and judgment and execution had against one of them, and his goods seized, but the sheriff had not satisfied the plaintiff nor sold the goods : and in an action against the other obligee, he pleaded this matter, and it was held to be no plea ; but it was held it would have been a good plea for that defendant, against whom the judgment and execution was obtained, if he had been sued again. 2 *Ld. Raym.* 1072.

THE only difference between that case and the present, is, that the property of the defendant in the first action, the co-obligee of the defendant in this, has been sold : but the money has not yet been made ; satisfaction has not been received, and this is all important. An obligee is not discharged by the injury which he sustains, but by the money which the plaintiff receives—that alone dissolves the obligation and destroys the plaintiff's right, and until this right be destroyed, the plaintiff may use every legal means against all his debtors, which the laws and his contract have provided for the payment of the debt. The seizure of land, negroes, or personal property, followed by a sale

FALL   1812.  which has  not produced gold or silver, creates no
I. District.    satisfaction.

MOTION DENIED.